IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


 NO. 74,872 




EX PARTE RANDY LEE WEBB, Applicant






 


ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 FROM BRAZORIA COUNTY 


 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of aggravated assault and punishment was
assessed at three years imprisonment, consecutive to a twenty year sentence from Galveston
County. (1) No appeal was taken from this conviction.

 Applicant contends that the Texas Department of Criminal Justice, institutional
division, has not properly calculated the date for his release on mandatory supervision. The
trial court has entered findings, supported by the record, that Applicant has more than twenty-six years credit on this combined twenty-three year sentence, and received presentence credit
of 1091 days on this 1095 day sentence, yet has not been released to mandatory supervision. 
The Texas Department of Criminal Justice, institutional division, calculated Applicant's
mandatory supervision release date by adding three years to his originally calculated release
date. Because this sentence had no more than four days left to serve after it commenced, the
release date was not properly calculated. Applicant is entitled to relief. 

 Relief is granted. The Texas Department of Criminal Justice, institutional division, shall
correct Applicant's records in cause number 34,022 in the 23rd Judicial District Court of
Brazoria County to reflect that this sentence has expired, and shall release Applicant to
mandatory supervision on his Galveston County sentence while correcting his calculated begin
date in that cause to reflect a date of August 21, 1987.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
institutional and pardons and paroles divisions.

DELIVERED: January 28, 2004

DO NOT PUBLISH
1. Because the Galveston County offense was committed before September 1, 1987,
the procedures required in Ex parte Kuester, 21 S.W.3d 264 (Tex. Crim. App. 2000), do not
apply to this cause.